The first case on calendar for argument is United States v. Resendiz-Ponce Good morning, Your Honor. Antmore Baggett from Phoenix on behalf of the appellant. Your Honor, Rule 7 of the Federal Rules of Procedure embodies the constitutional requirement of prosecution based on indictment and it requires a plain, concise, and definitive written statement of the essential facts constituting the offense charged where an offense, where an indictment does not specify the elements and lay out the facts supporting an element of the offense. The effect is not minor or technical, but is a fatal flaw requiring dismissal of the indictment. I'm quoting that from your case of Pernilla Fuentes, which was this exact charge, namely attempted reentry after deportation, which was dismissed because the indictment did not contain an allegation of the required mental state for an attempt. This case, in this case, the element which is not contained in the indictment is the overt act, which is necessary to turn words and intentions into actions and to constitute the offense. Namely, the defendant not only has to have the intent to attempt to reenter, want to reenter, but he must also do something. The problem with this indictment is the government did not tell us what that something is. Now, the government's position was that the entry itself is the overt act, but there are three ways of violating 1326. And what the government is saying, basically, is omitting the overt act. This defendant could not have been charged with reentry, per se, with the entry, because he was always under the control and observation of the authorities at the border. Remember, there's a short space. Is it your position, then, that there cannot be an attempt so long as the defendant is under observation? There can be an attempt, but there must be some overt act. Now, the government could have alleged some overt act. Maybe he got on the bus in Mexico to come up to the border. Maybe he stole his cousin's I-551 card. Maybe he did a lot of things. But the government didn't tell us what that is, and the defense has the right to know. Their position at trial, and here also, as I understand it, is that the entry itself is the overt act, but he didn't enter. And the case never should have gone to the jury because he was under the constant observation and control of the immigration authorities. Remember, as soon as he got to the turnstile. But there's a legal entry and there's a physical entry. Right. The entry you're describing is a legal entry. That's correct. But is it your position that a physical entry wouldn't be enough to support an attempt charge? That's our position, yes. But he did cross the border. Physically, yes. Legally, no. He did that without permission, and why isn't that an overt act? Because in your case law, he must be free. He must at least get past the secondary inspection, that he was at all times under the control. But that's true for an entry charge. Yes. That's true to be legally guilty of an entry, but he was not charged with entering. He was charged with attempt to enter. Well, if you're going to rule that way, then the law becomes very complicated because there's a physical entry and there's a legal entry. It's already that way. It's already bureaucratic. Well, in any event, if the case was going to go to the jury, if the case had to go to the jury, our argument for it is that the judge should have given the request of jury instructions explaining the legal concept of what an entry is. I mean, he didn't do that. The instruction was requested and denied, and that should have been given to the jury. Your Honor, I'd also say that's not true. Well, our position is that there are not two definitions of the word enter, that your case law does not distinguish between entry when attempt is charged and entry when reentering is charged. There's no case that's ever made that distinction. And our position is there's just one definition. That's the legal definition of what it is to enter. And as we say, the whole problem here — Don't our cases say that if there is an attempt to be entered, you don't have to have that entry? You don't have to have that jury instruction? He doesn't have to enter, no. He doesn't have to have the jury instruction that defines what entry is. Don't our cases say that? I didn't see that one, your Honor. You didn't see that, okay. No, I didn't see that one. I'm sorry. I'd just like briefly to cover the other arguments. Our B-2 argument, the fact of the time sequence between a prior deportation and the prior aggravated felony, that's a fact. Whether one came first or one came second, what's prior to or subsequent to, that is a fact. It is a fact that is not contained in the State court proceedings in any form, nowhere. Our position is that the right to jury trial gives the jury the power, although not the right, to not convict someone of an offense out of their discretion. That's — the Sixth Amendment requires a jury determination between the charge and the conviction. And that didn't happen here. Now, I know the government will — What are you saying? The jury didn't find that he had been previously deported? Yes, they have, but they didn't find. So doesn't previously deported mean the date was prior to? No, because they didn't even hear about the prior conviction. That wasn't even a part — it wasn't a part of any proceeding. It must be — the reentry must be subsequent to, or the prior deportation must be subsequent to the prior conviction. There's a time sequence in there. Subsequent to the prior conviction. That's a fact. So you're saying that the jury's never told that there was a prior conviction. Right, right. And the deportation was subsequent to that prior conviction. They were never — Now, why doesn't that prior conviction aspect fall under Armendariz? Because there's a fact there. Armendariz did not discuss the necessary sequence. It said that a prior conviction need not be alleged in the indictment and that it need not be found by the jury. But the fact is not incorporated in the prior state court proceedings in any manner. It never is. It couldn't have been. That just isn't a fact that state courts address. And as I say, the jury has the power, although not the right, to find a person not guilty if they feel that the government is piling on charges, enhancing people when they shouldn't be enhanced. In this particular case, it's quite possible that the jury might have found that because he wasn't given his Miranda rights and the inspector in the prior occasion did not advise him of his Miranda rights, that he should not be convicted of the aggravated offense, the sentencing factors. It's possible. I'm not saying they would have done that, but they sent a note. They were concerned with the lack of Miranda warnings, and they might have decided, well, that's enough. This guy's had enough. Sure, he's guilty, but that's enough. And juries don't have that power. They have the power, not the right. The judge refused your requested instruction. Sure. Were you the counsel at the time? Yes, I was, all the way. And that was your requested instruction, which was refused. How did that prejudice the jury's deliberation on this case, the refusal of your instruction? My instruction on the V-2? Yeah. Well, because they never ---- Well, you wanted the judge to describe entry in the terms that it is used as a ---- In the Pachinko-Medina sense, yes, that he has to somehow get past secondary inspections. Get all the way in. Well, the facts are ---- Not just put his foot across the line. Remember, this was not only a fraud. It was a bad fraud. The inspector saw it right up front, and the guy never got out of the control. He never had a chance of getting into the United States. Well, he never had a chance to make a legal entry. And he never would have made it using his cousin's IDs. Isn't an attempt, a completed attempt, even though it's frustrated by the act of the law enforcement, stopping it? If the government ---- They stopped him. Sure. So he couldn't enter legally. Or physically. But why isn't that an attempt? He did everything he could except until they stopped him. It's not an attempt because the government did not allege the necessary element of the overt act. Well, they alleged that he entered. But that's not an act. Well, Judge Carroll, I ---- sometimes doesn't speak as clearly as he might have. In this case, he said, well, he's here, so he must have entered. That's not what he said. Well, he's here in the physical sense, not in the legal sense. So is it your position that if the indictment had included wording that he attempted to use a false identification, that would have been sufficient to meet the requirements that you see under the attempt statute? Had they alleged the fact that he presented a false ID, yes, but they didn't do that. I'd like to say ---- They did not have it. They did not. It's just not in the indictment. I'd like to save 39 seconds for you. All right. Good morning. May it please the Court. My name is Joe Kohler, and I represent the United States in this case. Did you try this case? No, I did not, Your Honor. The attorney who tried this case is unable to fly at this time, and so I'm appearing in her place. The indictment in this case alleged that the defendant attempted to enter the United States. That is the overt act committed. He came to the border, and he attempted to come through the port of entry. That is the overt act in this case. Counsel, isn't it usually the case that the overt act that's alleged is something separate and apart from the charge? That might be the case if the other charge is a separate substantive offense or is not a separate substantive offense. This Court has held that Section 1326 sets forth three separate offenses, entry, being found in the United States, and attempting to enter the United States. That attempt in itself is an overt act. In this case What case authority are you relying upon to support your argument that the overt act and the crime are one and the same? There is no case law that says in this circuit that the overt act and the crime are one and the same. There is actually no case in this circuit that addresses this particular issue in the context of 1326. The Leo Smaldonado decision talks about the crossing of the boundary line being the overt act, but it does not say whether the indictment must or must not make that allegation. Was that in an attempt case? If I recall correctly, Leo Smaldonado was an attempt case, Your Honor, yes. And the Court said specifically the crossing of the boundary line is the overt act that satisfies the statutory requirement. And it referred to Griswold. That case was unauthorized reentry, not an attempt case. It was reentering after being deported, which would make sense because then the attempt entry is not the same as the crime. Your Honor, in Leo Smaldonado, the defendant argued that he could not have attempted to enter the United States, and the Court held it. What page are you relying upon? Okay. Page 1062, it says that the defendant was convicted and sentenced for unauthorized reentry after having been deported. So this is not an attempt case, first of all. Your Honor, I'm looking at page 1061, and it says, First, Leos argues that he could not have taken a substantial step towards reentry because he was under official restraint that prevented him from entry into the United States. Assuming without deciding that Leos was under official restraint to a sufficient degree as to preclude an entry, any such restraint does not also, if so facto, defeat a conviction based on attempted reentry. Right. But this was not an attempt case. Your Honor, the Court also required specific intent. In a reentry case, being found in or actual entry does not require specific intent. So it's very clear from the Court's requirement of specific intent that they were, in fact, proceeding on the theory of attempted entry and not actual entry in that case. And the Court said it matters not whether the defendant's overt act takes the form of a surreptitious border crossing or a misrepresentation of legal status. To the extent that Leos argues that Section 1326 requires the government to prove deception at the port of entry to support an attempt charge, we reject his contention. Attempted entry occurs when a previously deported alien makes an effort or tries to reenter the United States. It is the act of crossing the boundary line into the United States. But the defendant's argument is that you did not allege that, any of that. You just said he attempted to reenter, and you didn't allege that he tried to cross the borders. You didn't allege that he had a fake ID. You didn't allege anything that could be construed as an overt act other than the crime itself. In looking at Pernille Fuentes, the indictment in that case also did not allege any overt act. All the court focused on in Pernille Fuentes was the absence of specific intent allegation. A lot of it depends on what issues were raised by the defendant as well. I understand that, Your Honor. The simple fact is that the attempt to come into the United States is the overt act. He attempted to come in. He had the specific intent to do so without permission. And he had more than sufficient notice from this indictment of the charge that he had to defend. And that is the constitutional requirement, that he receive notice of the charge against which he has to defend. And he had that notice. The jury instruction that the defendant asked for on this issue sought to essentially extend this Court's opinion in Rivera-Reya, in which this Court held that success in entering does not defeat liability for the attempt. The defendant seeks to extend that rule to require success in order to be liable for the attempt. And clearly that is not the case. As the Court said in Leo Smaldonado, it's the act of crossing the boundary line that is the overt act that must be committed in order to support the attempt charge. Counsel, if you were drafting an indictment knowing the argument that's been raised by the defendant today, would you do it differently? That's a difficult question to answer, because obviously I've known the defendant has been making this argument for some time and have not changed the way the government is indicting, at least not in my cases. However... If you have false documents employed in the crossing, you would mention that in the indictment, wouldn't you? No, Your Honor, I would not, because the indictment merely gives notice to the overt act. The crossing the boundary line is one overt act. Employing a false document is another. Making a false statement would be another. Where would we end? It's the notice to the defendant that matters. He knows that the government must prove that he tried to come into the United States, that he did something as a substantial step in furtherance of that, and that the government must prove that he specifically intended to enter without consent, in addition to the other elements of alienage and so forth. So is your argument that the government only has to prove that he did something in furthering that intent, but you don't have to allege that in the indictment? The government has to allege an overt act. And in this case, alleging the attempt to enter is the overt act. He came to the border and he attempted to cross it. That is the overt act. The indictment gave him notice of that. Well, that's sort of circular, isn't it? The attempt is what he's charged with. But the only – you say that's also the only thing necessary to constitute an overt act. Well, if we – maybe if we look at it this way. If the defendant were at home in Mexico and procured a false document but did nothing further, we could charge him with attempt, and then perhaps we'd have to have an overt act that we would have to allege. I think that taking that that far would be something that would be impossible to enforce. And so when you look at the attempted entry in this case, you have notice in the form that he attempted to come into the United States, and he did so with a specific intent to enter without permission. That's your overt act, and that's not circular, Your Honor. There are other types of overt acts that be committed that would require further notice. But given the circumstances of this case, when he attempted to come into the United States at the port of entry, that is sufficient notice to the defendant in order to defend against the charge. But what about our case law that says it's not a trivial thing to omit elements of the crime from the indictment? But the element is not omitted. The allegation that he attempted to enter the United States, that is, coming in, is in itself an overt act. So if we use that same analysis to other crimes, you would say an attempt to rob a bank, if you attempted to rob the bank, you're guilty of attempt to rob the bank without an overt act? The difference is the attempt to rob the bank is an attempt to commit a separate substantive offense. In this case, the attempt to enter the United States is in itself a substantive offense, and that's where the difference lies between the two. Moving on to the prior conviction. The date of the prior conviction is a fact that is bound up in the fact of the conviction. The judicially noticeable document that the court looks at when determining whether a person was convicted also tells the court the date of the conviction, the date of the deportation was something that was alleged in the indictment and proven to the jury at trial. Therefore, there is no violation of Blakely and Almodarra's Torres Remains Good Law. The last thing is the statements to Agent Consolino. The Salgado case clearly controls. In addition, the defendant did not move to strike until during trial, and therefore, his motion was barred under Rule 12B3C. Thank you. Thank you, counsel. Your Honor, very briefly, regarding the government's argument that the element is not omitted, had the government presented in the indictment that the overt act is the physical crossing of the border by the defendant, that would have been a different case. Here they didn't allege a single thing. The element was omitted, whether it's the physical crossing or not. They didn't allege anything. That's what created the confusion in this case.  I want to point out that here, where the defendant made his admissions, he was in the custody of the government, and the admissions were elicited for the specific purpose of obtaining evidence. It says in bold type, underlined, this is an investigation. I'm obtaining these statements from you for the purpose of illegal reentry and perhaps charging you in the future. Agent Consolino is well aware that people do reenter even after being deported. Counsel, let me ask you that. I'll ask you this. Government counsel appeared to state that this is routine, that the indictment for attempted reentry just asserts attempted reentry. Is that your experience as well? This is not routine. In Salgado, they brought a bunch of people into the county jail. The government agent goes around and says, are you legal? Are you here legally? That's routine. They ask the guy's name. They take his fingerprints. That's part of it. But, I mean, on the indictment, is it routine for the indictment just to allege attempted reentry with no specification? Yes. And nothing's changed. Okay. All right. I'll state the government's position. There's been no change. All right. Thank you. Thank you to both counsel. The case just argued is submitted for decision by the court. The next case on calendar for argument, United States, the next case on calendar
judges: Goodwin, Reavley, Rawlinson